IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BLANCHE C. MADISON, ADMINISTRATOR OF THE ESTATE OF EDGAR L. MADISON, DECEASED<br>                  *Plaintiff,*<br><br>v.<br><br>MEDARDO ACUNA ET AL.,<br>                  *Defendants.* | CASE NO. 6:12-cv-00028<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      Blanche C. Madison ("Plaintiff"), in her capacity as the administrator of the estate of her deceased husband, Edgar L. Madison, filed her complaint in this wrongful death action on June 19, 2012. On July 20, 2012, Defendants Medardo Acuna ("Acuna"), Coastal Sunbelt Produce Company ("Coastal"), and Metro Truck and Tractor Lease, Inc. ("Metro"), all filed partial motions to dismiss for failure to state a claim.[1] I granted Defendants' motions on August 28, 2012, and simultaneously granted Plaintiff's request for leave to amend. On September 11, 2012, Plaintiff filed an amended complaint that included negligence claims against Acuna and Coastal, a negligent retention claim against Coastal, and a negligent entrustment claim against Metro. Defendants Acuna and Coastal filed a partial motion to dismiss claims of punitive damages on October 4, 2012. That same day, Metro filed a separate motion to dismiss all claims against it. The parties argued their motions before the court at a hearing on December 6, 2012. For the following reasons, I will deny the motion to dismiss claims for punitive damages against

---

[1] Defendants are citizens of Maryland and Plaintiff is a citizen of Virginia. The parties' citizenship is completely diverse, and the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Acuna, but I will grant the motion to dismiss claims for punitive damages against Coastal. In addition, I will grant the motion to dismiss all claims against Metro.

## I. BACKGROUND

In the Amended Complaint, Plaintiff alleges largely the same facts as those in the original complaint, but adds more detail about the crash in which decedent was killed and more specific information about Acuna's driving record. On July 6, 2011, decedent was riding as a passenger in a pickup truck traveling northeast on State Route 42 in Rockbridge County, Virginia. Plaintiff alleges that it was raining and Route 42 was slippery and wet during the early morning hours of July 6. At the same time, Acuna was driving southwest on State Route 42 in a truck owned by Metro, which leased it to Coastal, Acuna's employer. Defendants admit that Acuna was acting within the scope of his employment as a truck driver for Coastal transporting commercial goods from Maryland to Virginia. Plaintiff alleges that at approximately 6:20 a.m., Acuna fell asleep while driving, and as a result, negligently crossed the road's solid double-yellow line and struck the vehicle in which decedent was a passenger. Decedent sustained severe injuries that ultimately, though not instantly, proved fatal. According to Plaintiff, Acuna had traveled this same route during his employment with Coastal three times a week for approximately four years. Plaintiff alleges that all Defendants were aware of the length of the trip, of the narrow and winding nature of the road, and of the fact that Acuna was operating a 2-axle truck weighing well over 10,000 pounds that was very difficult to stop and capable of causing serious injury or death to others if not operated with the utmost care.

During the time that Acuna drove his route for Coastal using trucks leased from Metro, Plaintiff alleges, law enforcement officials stopped Acuna at least three times and issued him a total of five summonses. One summons was for reckless driving and failure to maintain control,

resulting in an accident. That accident also occurred in the early morning hours in Rockbridge County. Another summons was issued for violating the fourteen-hour rule, a national rule promulgated by the federal government providing that truck drivers cannot drive beyond the fourteenth consecutive hour after coming on duty, following ten consecutive hours off duty. The rule is intended to prevent truck drivers from falling asleep and endangering other motorists. Acuna received a third summons for speeding. Plaintiff maintains that both Coastal and Metro were aware or should have been aware of Acuna's "poor driving record and unsafe driving habits," but they nevertheless continued to permit Acuna to drive Metro's vehicle. Finally, Plaintiff alleges that all Defendants permitted Acuna to drive in a sleep-deprived condition and were aware that if he fell asleep while driving a heavy truck, he could cause serious injury or death to other motorists. Plaintiff filed this suit seeking $2 million in compensatory damages from Defendants, jointly and severally.

    Plaintiff lists one count of negligence against Acuna and Coastal. She alleges that Acuna breached the duty he owed to decedent to operate his vehicle in a safe manner and that his negligence proximately caused decedent's death. Because Acuna was operating the truck in the course of his employment, Plaintiff alleges Coastal is liable for Acuna's negligence on the basis of respondeat superior. Separately, Plaintiff asserts a negligent retention claim against Coastal, alleging that it breached its duty to ensure that its employees used reasonable care in operating motor vehicles on its behalf, and this breach proximately caused decedent's death. In addition, Plaintiff asserts a negligent entrustment claim against Metro, alleging that Metro breached its duty to ensure that those who operate its motor vehicles do so in a safe manner. Plaintiff maintains that she and her four children qualify as statutory beneficiaries under Virginia's wrongful death statute. *See* Va. Code § 8.01-53. Finally, Plaintiff alleges that Mr. Acuna's

action exhibited a conscious disregard for the safety of others. Accordingly, she also seeks from Defendants, jointly and severally, $350,000 in punitive damages.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679–81 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III. DISCUSSION

Federal courts sitting in diversity apply the substantive law of the forum state, including the forum state's choice of law rules. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In Virginia tort cases, the substantive law of the place of the wrong governs the proceeding. *See Frye v. Commonwealth*,

345 S.E.2d 267, 272 (Va. 1986). Decedent suffered his injuries in Virginia; therefore, Virginia law applies.

### A. Defendants' Motion to Dismiss Claims of Punitive Damages

All Defendants argue that Plaintiff has failed to state a claim for punitive damages under Virginia law. The Supreme Court of Virginia has "repeatedly stated that an award of punitive damages is not favored generally because punitive damages are in the nature of a penalty and should be awarded only in cases involving the most egregious conduct." *Bowers v. Westvaco Corp.*, 419 S.E.2d 661, 668 (Va. 1992) (citations omitted). In order to justify an award of punitive damages, therefore, a defendant's acts must constitute "willful or wanton conduct, or such recklessness as evinces a conscious disregard for the safety of others." Va. Code § 8.01-52(5); *see also Woods v. Mendez*, 574 S.E.2d 263, 268 (Va. 2003) ("A claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton.") (citations omitted). "Willful and wanton negligence is action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Woods*, 574 S.E.2d at 268.

The Supreme Court of Virginia has expressed a "general reluctance to allow punitive damages in run-of-the-mill personal injury cases." *Booth v. Robertson*, 374 S.E.2d 1, 3 (Va. 1988). In *Puent v. Dickens*, 427 S.E.2d 340, 341–42 (Va. 1993), an intoxicated man driving a pickup truck "very fast" rear-ended another vehicle after not attempting to stop, causing injuries to a passenger in the vehicle he struck. Following discovery, the trial court granted the defendant's motion to strike the plaintiff's claim for punitive damages. *Id.* at 341. The Supreme

Court of Virginia affirmed, holding that the facts were insufficient to support a finding of the sort of wanton negligence necessary for an award of punitive damages. *Id.* at 342. Defendants argue that, if the facts of *Puent* could not, as a matter of law, support an award of punitive damages, then the facts presented in this case, which they assert is a relatively standard head-on motor vehicle collision with no allegations of intoxication, similarly could not support such an award. A number of other Virginia cases have likewise rejected punitive damages claims arising out of car crashes. *See Harris v. Harman*, 486 S.E.2d 99, 100 (Va. 1997) (concluding as a matter of law that the defendant's conduct did not rise to the level of willful and wanton negligence despite the fact that the defendant had been tailgating the plaintiff's vehicle while travelling 10 to 30 miles per hour over the applicable speed limit); *Clohessy v. Weiler*, 462 S.E.2d 94, 96 (Va. 1995) (finding that the defendant had not acted willfully and wantonly even though she was speeding and driving without her headlights on and with a fogged windshield when she hit a pedestrian walking in the street); *Hack v. Nester*, 404 S.E.2d 42, 45 (Va. 1990) (reversing jury award of punitive damages despite evidence that defendant was intoxicated, driving with a burned out headlight, and suffering from night blindness).

On the other hand, Plaintiff has identified a number of cases where courts permitted claims for punitive damages. *See, e.g.*, *Jones v. Miller*, No. 6:06-CV-00014, 2006 WL 1867321 (W.D. Va. June 30, 2006); *Lucher v. Hildenbrandt*, 794 F. Supp. 581 (E.D. Va. 1992). Specifically, Plaintiff highlights cases permitting punitive damages claims to move forward against professional drivers involved in motor vehicle accidents. The defendant in *Alfonso v. Robinson*, 514 S.E.2d 615, 616–17 (Va. 1999), failed to activate his truck's hazard lights or to set up any flares or reflective triangles after a breakdown, despite having been trained to do so in such a situation. The trial court declined to strike the plaintiff's evidence regarding punitive

damages, and the Supreme Court of Virginia affirmed, noting that the defendant "was a professional driver who had received specialized safety training warning against the very omissions he made prior to the accident." *Id.* at 619. The court went on to state that "[s]uch evidence that a defendant had prior knowledge or notice that his actions or omissions would likely cause injury to others is a significant factor in considering issues of willful and wanton negligence." Relying on *Alfonso*, the court in *Stanley v. Star Transport, Inc.*, No. 1:10-CV-00010, 2010 WL 3433774, at *1 (W.D. Va. Sept. 1, 2010), denied a motion to dismiss punitive damages claims where the plaintiff alleged that the defendant, a professional truck driver, drove "in a sleep-deprived condition at night over a snow- and ice-covered road at an excessive rate of speed, without a functioning collision avoidance system." Similarly, in *Baker v. Oliver*, No. 3:06-CV-00015, 2006 WL 1700067, at *2 (W.D. Va. June 15, 2006), I cited *Alfonso* in denying a motion to dismiss a case where a truck driver trained in applicable safety procedures drove his tractor-trailer, which had no reflective markings, out of a driveway onto a road without using turn signals or emergency flashers

In this case, I dismissed Plaintiff's original complaint because it failed to allege facts showing "that Mr. Acuna acted with indifference to other motorists' safety or that he had actual or constructive consciousness that injury would result from his conduct." *Madison v. Acuna*, No. 6:12-cv-00028, 2012 WL 4458510, at *7 (W.D. Va. Aug. 28, 2012). I find that the Amended Complaint addresses these deficiencies with respect to Acuna. Plaintiff now alleges that Acuna caused the accident because he fell asleep while driving. This is significant because Plaintiff also now alleges that Acuna had previously received during his tenure as a driver for Coastal a summons for violating the fourteen-hour rule for commercial truck drivers, which is intended to prevent commercial drivers from operating their vehicles while sleep-deprived.

7

I find that the Amended Complaint alleges facts that bring it close enough to *Alfonso* and the other Virginia cases recognizing claims for punitive damages that it would be premature to dismiss Plaintiff's claim for punitive damages against Acuna at this stage. Acuna is a professional driver who received a specific warning about the dangers of driving under conditions likely to cause sleep deprivation. He subsequently caused an accident by falling asleep at the wheel. The specific warning Acuna received about the fourteen-hour rule put him on notice that injury could result from conduct likely to cause sleep deprivation. Drawing all reasonable inferences in favor of the Plaintiff, the fact that Acuna fell asleep at the wheel suggests that a reasonable jury could find that he engaged in conduct similar to that he had been specifically warned about, and by doing so, he acted willfully and wantonly. Arguments about Acuna's actual condition or state of mind at the time of the accident are more appropriately reserved for trial or summary judgment.

With respect to Coastal, however, I find that Plaintiff has failed to state a claim for punitive damages. None of Coastal's conduct meets the high standard required by Virginia law to make out a claim for punitive damages. Even if Coastal was aware of Acuna's driving record, its knowledge that he had received summonses and violated the fourteen-hour rule in the past is not sufficient to demonstrate that the company acted willfully or wantonly or with recklessness evincing a conscious disregard for the safety of others. As a result, I will dismiss Plaintiff's claims for punitive damages against Coastal.

### B. Metro's Motion to Dismiss All Claims

Metro has also moved to dismiss Plaintiff's negligent entrustment claim. Metro does not dispute that Virginia law recognizes the tort of negligent entrustment. *See Hack*, 404 S.E.2d at 43. In *Hack*, the Virginia Supreme Court stated that in negligent entrustment cases, "[t]he

8

correct test of liability is whether the owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others." *Id.* (quoting *Denby v. Davis*, 188 S.E.2d 226, 229 (Va. 1972)). Simply leasing a truck to a company that employed a driver with Acuna's record is not enough to establish liability under the test set forth by the Virginia Supreme Court. If it were, companies like Metro that lease trucks to other companies would in effect be required to ask their lessees to fire drivers with records similar to Acuna's or else risk liability every time those drivers were involved in accidents. It is inconceivable that Virginia's law of negligent entrustment would require such a result. Thus, I find that Plaintiff cannot state a claim for negligent entrustment against Metro.

### IV. CONCLUSION

For the aforementioned reasons, I will grant in part and deny in part the motion to dismiss punitive damages filed by Acuna and Coastal. Specifically, I will grant the motion with respect to Coastal, and I will deny the motion with respect to Acuna. Accordingly, claims for punitive damages against Coastal will be dismissed. Furthermore, I will grant Metro's motion to dismiss all claims against it  An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this  12th day of December, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE